Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRED GRASELL, Respondent, for Compensation under the Workmen's Compensation Law, v. GEORGE BRODHEAD, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

*Third Department, December 28, 1916.*

Workmen's Compensation Law — injury to employee of dealer in antiques — injury while hanging picture — when employee not engaged in "decorating" under former statute — cutting moulding to frame picture is not manufacturing a moulding.

A person employed by a dealer in antique furniture, pictures, bric-a-brac, etc., who was sent out at times to hang pictures sold by his employer and who was injured while so engaged, was not "decorating" a building under group 42 as it stood prior to the amendment made in 1916 and is not entitled to an award under the Workmen's Compensation Law.

Although said employee was at times required to cut down mouldings which had already been made into frames in order to make the frame fit a picture sold by his employer, he was not within group 17 which includes persons engaged in manufacturing mouldings and is not entitled to an award under said section.

APPEAL by the defendants, George Brodhead and another, from an award of the State Industrial Commission, entered in

the office of the said Commission on or about the 9th day of December, 1915.

*Robert M. McCormick* [*Joseph F. Murray* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken* of counsel], for the respondent State Industrial Commission.

KELLOGG, P. J.:

The employer was engaged in "selling at retail art goods and picture frames and repairing furniture, and in connection therewith, the business of framing pictures." The duties of the injured employee were "to act as salesman in the store occasionally, and to go out and hang pictures on order, and also to fit frames to pictures. The picture frames were bought already made and were cut down in Mr. Brodhead's place of business so as to fit the size of the pictures which were to be framed." The above extracts from the findings are a pretty broad construction of the evidence, which we may refer to to show that the findings are not to be extended or construed too liberally.

The employer was conducting a retail store, selling antique furniture, mirrors, pictures, paintings, silverware, Sheffield plate, glass vases, bric-a-brac, copper and brass. The antique furniture was second-hand furniture, which would be polished up and perhaps mended by the employee. No other repairing of furniture was done. The picture frames would come to the store already made, but it might be necessary to cut them down in order to fit a particular picture. This when necessary the employee did. When goods were sold out of town it was necessary to box them and sometimes to make a box; this he did. When pictures were sold he would frequently deliver them at the place of the purchaser and hang them, and at times would hang pictures for people who had not bought at the store. About one-tenth of his time was spent in hanging pictures sold by the employer, or in hanging pictures of others, for which the employer charged. He was the general, useful, handy man around the store, sometimes selling goods and performing the various duties incident to the business.

The employer had sold a picture September 12, 1914, and

the employee went to the home of the purchaser to hang it. While hanging the picture a rug upon which he was standing slipped and he fell and injured his head upon the floor, and compensation for a total temporary disability has been awarded. In determining whether he is within the act we must take the law as it then stood. (Consol. Laws, chap. 67; Laws of 1914, chap. 41.) The deputy commissioner reported to the Commission that in his judgment the employee is under group 17 of the law and could also come under group 42. He says "he was a decorator in the sense that he was beautifying the house by the use of the pictures, and was so engaged at the time of the accident." That was not the question before the Commission; the question was, was he "decorating" in the sense in which that word was used in the statute? It is not suggested on either side that it could possibly come within any other group and, therefore, we shall not consider other groups.

Group 17 of section 2 was as follows: "Planing mills, sash and door' factories, manufacture of wooden and corrugated paper boxes, cheese boxes, mouldings, window and door screens, window shades, carpet sweepers, wooden toys, articles and wares or baskets." The reference in the group to "mouldings" evidently means the manufacture of mouldings. Here the employee's instructions were not to attach a picture to an insecure moulding. If the moulding upon which a picture was to be hung was insecure, he was to put necessary nails in it to make it secure. If it could not be nailed, and required a new piece, he would report the fact to the store and would put in a new piece, although the employer does not remember of any case where a new piece was inserted. Clearly the employer was not a manufacturer of mouldings for profit, and the employee was not engaged in that employment at the time he received the injury.

Group 42 of section 2 was: "Stone cutting or dressing; marble works; manufacture of artificial stone; steel building and bridge construction; installation of elevators, fire escapes, boilers, engines or heavy machinery; brick-laying, tile-laying, mason work, stone-setting, concrete work, plastering; and manufacture of concrete blocks; structural carpentry; painting, decorating or renovating; sheet metal work; roofing; con-

struction, repair and demolition of buildings and bridges; plumbing, sanitary or heating engineering; installation and covering of pipes or boilers."

It is urged that within that group the business of the employer was "decorating," and that the employee was engaged in that hazardous employment when injured. It seems that "decorating," as used in the statute, naturally means something done to the house itself as a house, to improve the condition of the room or house. Undoubtedly putting a new carpet in a room is in one sense decorating it, but the merchant who sells and puts down a carpet is not a "decorator" within the meaning of this group. The same is true of a merchant putting a new table or any article of furniture in a room. In interpreting the law we must give the language a reasonable and just interpretation and not strain words from their ordinary and natural meaning. Among industrial workers, and in its general acceptation, the word "decorating" would not apply to the employment in which the employer and the employee were engaged. In a sense where we beautify anything we may be said to be "decorating" it. But a "decorator," as stated in the Standard Dictionary, is "specifically one whose business is decoration of dwellings or public edifices," and clearly the employer and employee had nothing to do with such work. A merchant sells a picture, an employee carries it to the house of the purchaser and, while standing on a rug, is hanging it, probably by a cord and hook attached to the moulding of the room. It cannot be said that he is decorating within this group. The statutory intent may be gathered by considering the other employments mentioned in the group, such as stone cutting; marble works; manufacture of artificial stone; steel building and bridge construction; installation of elevators, and the like. And so far as relates to buildings, we have brick-laying, tile-laying, mason work, stone-setting, concrete work, plastering, manufacture of concrete blocks, structural carpentry, painting, decorating or renovating and sheet metal work. The hanging of the picture was a mere incident to the sale, and by hanging it the retail art dealer whose business is not hazardous did not become a "decorator" whose business is hazardous.

The recent amendment in 1916 to this group has inserted after the word "painting," and before the word "decorating," the words "papering, picture hanging, glazing." We may fairly infer that this amendment made certain employments hazardous which were not hazardous before the amendment, and that the Legislature considered, in making the amendment, that picture hanging was not theretofore embraced in the group. It is not clear that this employee, who was merely hanging a picture which had been sold by the employer, the hanging being a mere incident of the sale, would come within the group as amended. That question need not be considered.

It follows, therefore, that Grasell was not an employee within the meaning of subdivision 4 of section 3 of the Workmen's Compensation Law, and is not entitled to the benefit of the provisions of the law. The determination should, therefore, be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.